IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILES D. THOMAS, | : | CIVIL ACTION NO. **1:CV-10-1196** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| WILLIAM SANDSTROM, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

The *pro se* Plaintiff, Miles D. Thomas, filed a Complaint against numerous Defendants at Civil Action No. 2010-CV-2480-CV in the Court of Common Pleas of Dauphin County, Pennsylvania, on or about March 9, 2010. Plaintiff's Complaint alleged various federal claims under the First and Fourteenth Amendments to the United States Constitution. Plaintiff also raised state law claims as well as claims under the Pennsylvania Constitution. On June 4, 2010, the matter was removed to federal Court by Defendants Harrisburg Television, Inc. (misidentified in the caption as ABC27), Alicia Richards and Valerie Pritchett, and filed to the above-captioned civil action. (Doc. 1).[1]

On September 7, 2010, the District Court issued a Memorandum and Order adopting our Doc. 23 and Doc. 24 Reports and Recommendations, granting the Motions to Dismiss of the Harrisburg Television Defendants (Doc. 3) and the Human Society Defendants

---

[1] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

(Doc. 8), and remanding the matter to the undersigned for further proceedings against the remaining Defendants and Cross Claim Defendants. (Doc. 28).

On September 10, 2010, the Court entered an Order scheduling a telephonic joint case management conference for October 4, 2010 at 10:00 a.m. The Order directed the *pro se* Plaintiff to contact the Chambers of the undersigned on or by September 30, 2010, to provide a telephone number at which he could be reached for the conference call. (Doc. 30, p. 2, ¶ 1.). The docket sheet reveals that the Court's September 10, 2010 Order was sent to Plaintiff at his last known address and that it was not returned as undeliverable. Plaintiff failed to contact Chambers to provide a telephone number at which he could be reached for the conference call as he was specifically directed to do in the September 10, 2010 Order. Consequently, on the appointed date and time, the Court was unable to conduct a case management conference and to establish the case management deadlines under which this matter would proceed with respect to the remaining parties. (*See* Doc. 34). As stated, the docket of this matter does not indicate that the copy of the Court's Doc. 30 Order which was mailed to Plaintiff at his address of record was returned as undeliverable. Therefore, the Court deems Plaintiff as having received the Doc. 30 Order with its directive to Plaintiff with respect to his participation in the case management conference..

On October 8, 2010, the undersigned Magistrate Judge signed a Report and Recommendation recommending that the above-captioned action be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's September 10, 2010 Order and for failure to prosecute his action as to the remaining Defendants. However, due to

a docketing error, our previously filed, Doc. 24, August 13, 2010 Report and Recommendation, and not the October 8, 2010 Report and Recommendation, was uploaded and docketed to CM/ECF. (*See* Doc. 35). Thus, the October 8, 2010 Report and Recommendation was never docketed, despite the fact that the undersigned signed it. On October 28, 2010, the District Court adopted our Doc. 35 Report and Recommendation, *i.e.*, a copy of our August 13, 2010 Report and Recommendation (Doc. 24), to which no Objections were filed, and remanded the matter to the undersigned for further proceedings. (Doc. 36). At that time, the docketing error was discovered. On October 29, 2010, Defendants Crowne Plaza Hotel, John Doe 1 and John Doe 2 filed a Motion for Judgment on the Pleadings and support Brief. (Docs. 37 and 38).

We re-issue the within Report and Recommendation, as we intended to do on October 8, 2010, recommending that the case be dismissed on the basis of Plaintiff's failure to prosecute and to comply with the Court's Order.

**II. Discussion.**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Order of this Court by his failure to provide the Court with a telephone number at which he could be reached so that he could participate in the October 4, 2010 telephonic joint case management conference. Further, Plaintiff has not contacted the Court to explain his failure to abide by the Court's Order. Nor has Plaintiff taken any recent action which indicates that he still wishes to pursue the instant action. We shall recommend that this case be dismissed due to Plaintiff's

3

failure to prosecute it and due to his failure to comply with this Court's Order. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Plaintiff Thomas has taken no action with respect to his case since he filed his Doc. 25 Objections to our Docs. 23 and 24 Reports and Recommendations on August 16, 2010, over two and one-half months ago. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's September 10, 2010 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. *See Shelley v. Patrick*, 361 Fed. Appx. 299, 301, n. 5 (3d Cir. 2010) ("Before entering a punitive dismissal [for failure to prosecute], the District Court is required to make explicit findings regarding the six factors enumerated in *Poulis* . . . .") (citations omitted). *See also Walker v. York County Tax Claim Bureau*, Appeal No. 10-3131, Third Circuit, 10-4-10. We find Plaintiff's stated conduct in delaying his case to be attributable to him personally. Plaintiff was required to have provided the Court with a telephone number at which he could be reached for the October 4, 2010 telephonic joint case management conference by September 30, 2010. Plaintiff failed to comply with the directive set forth in the Doc. 30 Order, and he has not notified the Court that he intends to pursue his action. This case cannot proceed due to Plaintiff's direct failure to comply with the September 10, 2010 Order.

5

We find that Plaintiff has caused prejudice to remaining Defendants since they have been named in a federal lawsuit and the matter cannot proceed absent Plaintiff's participation. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his November 2009 case is nonetheless evidence of dilatoriness, especially since, as stated, this case cannot proceed without his compliance with the September 10, 2010 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since he has filed nothing with the Court in more than two and one-half months, since he has failed to respond to the September 10, 2010 Order (Doc. 30), and since he has not contacted the Court to explain why he has failed to comply with the Order. Nor has Plaintiff requested the Court to re-schedule the case management conference.

As stated, this case cannot proceed due to Plaintiff's failure to comply with the September 10, 2010 Order. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's September 10, 2010 Order demonstrates he has abandoned his case as against the remaining Defendants.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's September 10, 2010 Order. It is also recommended that this case be dismissed without prejudice on the basis of Plaintiff's failure to prosecute his action as against the remaining Defendants.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 2, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILES D. THOMAS, | : | CIVIL ACTION NO. **1:CV-10-1196** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| WILLIAM SANDSTROM, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 2. 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                           s/ Thomas M. Blewitt
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: November 2, 2010**