IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MILES D. THOMAS, | : | |
| --- | --- | --- |
| | : | 1:10-cv-1196 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WILLIAM SANDSTROM, *et al.,* | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## November 22, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on a Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 42), filed on November 2, 2010 recommending that we dismiss this action based on Plaintiff's failure to prosecute and to comply with orders issued by Magistrate Judge Blewitt. Objections to the R&R were due by November 19, 2010. To date, no objections to the R&R have been received by either the Plaintiff or the Defendants. Accordingly, this matter is fully ripe for our review.

## I. STANDARD OF REVIEW

When no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Magistrate Judge Blewitt recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this action or comply with orders of court. As noted by Magistrate Judge Blewitt, and as our study of the docket confirms, Plaintiff has repeatedly failed to prosecute this

action in a variety of ways. Most notably, despite being ordered to do so, Plaintiff failed to provide the Court with a telephone number at which he could be reached so that he could participate in the October 4, 2010 telephonic joint case management conference. Further, Plaintiff has failed to provide the Court with an updated mailing address, resulting in several Orders being returned to the Clerk's office as undeliverable. Plaintiff has not taken any recent action on this matter that indicates he still wishes to pursue the instant litigation.

Magistrate Judge Blewitt also engaged in an analysis of the factors enumerated in *Poulis v. State Farm Fire & Casualty Co.,* 747 F. 2d 863, 868 (3d Cir. 1984) before recommending that this action be dismissed. Magistrate Judge Blewitt correctly found that the failure to litigate this matter is squarely Plaintiff's fault, and that continuation of this matter, absent Plaintiff's participation, would prejudice the remaining Defendants. Magistrate Judge Blewitt thus concludes that the *Poulis* factors weigh in favor of dismissing this action.

### III. CONCLUSION

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash

the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice.*